UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN ASHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00309-MTS |
| | ) | |
| WILLIAM MCKINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are numerous pending Motions: Defendants' Motion to Strike Plaintiff's Errata Sheet (Doc. [36]); several Motions filed by Plaintiff pertaining to discovery issues (Docs. [41], [46], [48], and [68]); and Plaintiff's Motion Requesting the Court to Take Judicial Notice (Doc. [44]).  In the interest of judicial economy, the Court will address each of these Motions here, beginning with the issue of whether to strike Plaintiff's errata sheet before turning its attention to the numerous discovery-related Motions.

## I.    DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S ERRATA SHEET

The issue raised by Defendants' Motion to Strike, Doc. [36], is simple: whether some of Plaintiff's proposed revisions to his deposition testimony should be struck.  Federal Rule of Civil Procedure 30(e) permits a deponent to review the transcript of her deposition and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."  However, the changes permitted in a post-deposition "errata sheet" pursuant to Rule 30(e) are limited.  "A deposition is not a take home examination."  *Jackson v. Teamsters Loc. Union 922*, 310 F.R.D. 179, 180 (D.D.C. 2015) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).  "Rule 30(e) . . . 'cannot be interpreted to allow one to alter what was said

under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.'" *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 465 (E.D. Va. 2011) (quoting *Burns v. Bd. Of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003)).  While courts typically permit changes that are typographical or clerical in nature, such as those due to scrivener's error, they do not permit changes that contradict or significantly alter the sworn testimony, at least when there is no clear justification for doing so. *See Jackson*, 310 F.R.D. at 183, 185 (noting numerous cases where courts struck revisions on grounds of an insufficient explanation for the change and permitting certain clerical changes while striking contradictory and material changes); *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010) (holding that courts need not strike contradictory errata revisions "if sufficiently persuasive reasons are given, if the proposed amendments truly reflect [the original testimony], or if other circumstances" justify the amendments).  Errata sheets are not intended to permit a deponent to "modify what [he] said for tactical reasons or to reflect what he wishes that he had said;" instead, they are meant to fix "*alleged inaccuracies* in what the deponent *said* at his deposition." *Touchcom*, 790 F. Supp. 2d at 465 (quoting *Crowe v. Marchand*, No. 05-98T, 2006 WL 5230014, at *1 (D.R.I. 2006)) (emphasis in original).[1]

Based on these principles, the Court finds that the revisions challenged by Defendants should be struck.  Defendants take issue with four of Plaintiff's changes; the Court will address each in turn.  First, Plaintiff seeks to change twenty-five lines of testimony to "I don't recall seeing Dr. McKinney," on the grounds that he "had insufficient knowledge to answer [the] question."

---

[1] The Court notes that courts routinely strike revisions in errata sheets at the motion-to-strike stage (as opposed to waiting until summary judgment to weigh in on the validity of such a revision).  *See Jackson*, 310 F.R.D. at 183–84 (holding that the "far better approach is for courts to" rule on the validity of errata sheet revisions on a motion to strike and citing numerous federal district court cases where courts struck proposed changes to deposition testimony at the motion-to-strike stage).

Doc. [36] at 2.  In that section of the deposition, Plaintiff was discussing with defense counsel whether he had seen Dr. McKinney the day after seeing Defendant Nurse Skaggs regarding a toothache.  Plaintiff, over the course of numerous answers to defense counsel's questions, unequivocally and repeatedly denied that Dr. McKinney saw him on June 21, 2017.  Doc. [36-1] at 59.  In fact, throughout the deposition Plaintiff continued to deny that he had seen Dr. McKinney on that date; the testimony at issue is far from the only place he made such a statement.  *See* Doc. [36-1] at 61:14–15, 62:1–3, 62:9–10.

While changing this testimony to read "I don't recall seeing Dr. McKinney" may not rise to the level of direct contradiction, it does seek to change substantially Plaintiff's sworn testimony on this issue, which is relevant to his claims against Nurse Skaggs for deliberate indifference.  *See Herndon v. U.S. Bancorp Asset Mgmt.*, 4:05-cv-1446-ERW, 2007 WL 9808026, at *2–3 (E.D. Mo. May 11, 2007) (striking proposed changes where the deposed party attempted to use errata sheets to "substantially alter" the deponent's testimony).  Plaintiff's unambiguous denials that he saw Dr. McKinney on the date at issue are inconsistent with his suggested revision, which injects uncertainty into his testimony.  Moreover, Plaintiff's assertion that he "had insufficient knowledge" to respond to the question is unpersuasive.  He repeatedly asserted that he did not see Dr. McKinney on June 21 and thus had ample opportunity to state that he was not sure or had insufficient knowledge.  Further, Plaintiff had access to his relevant medical records at the deposition.  *See* Doc. [36] at 6.  Plaintiff may not change his testimony simply because he wishes he said something else, particularly where he seeks to reduce many lines of testimony to a brief statement of uncertainty.  *See Jackson*, 310 F.R.D. at 185–86.

Plaintiff's second, third, and fourth challenged revisions—each of which also pertains to when and whether he saw Dr. McKinney—all attempt to replace Plaintiff's clear testimony with

"I don't recall." Doc. [36] at 3–4. For each of these changes, Plaintiff reiterates that he did not have sufficient knowledge to answer the questions. But that suggestion is inconsistent with Plaintiff's testimony, which conveys that Plaintiff was speaking with conviction. For example, the third revision seeks to change (in part) the following testimony: "And you know what? Now that you mention it, I know I didn't see Dr. McKinney." Doc. [36] at 3. The testimony pertaining to the fourth proposed change similarly lacks indicators of uncertainty: "So I already had [the cards for obtaining Tylenol]. I didn't—I didn't see Dr. McKinney. . . . I can't remember when that [sic] he gave [the cards] to me. But I—but I know it wasn't when I was in ad seg. I didn't see Dr. McKinney, like I said, until after I had blacked out and busted my head." *Id.* at 4. Permitting Plaintiff to change that testimony to "I don't recall" would plainly "distort the factual context and render" the testimony useless. *See Herndon*, 2007 WL 9808026, at *2. Moreover, as with the first proposed revision, Plaintiff's assertion that he lacked sufficient evidence to answer the questions— which simply asked for his own recollection of events—is entirely unpersuasive.

As in *Jackson*, Plaintiff lacks "any thoughtful or clear articulation of the basis for what constitute significant alterations in sworn testimony." *Jackson*, 310 F.R.D. at 185. That being so, Defendants' Motion to Strike is granted, and each of the challenged revisions in Plaintiff's errata sheet[2] are stricken. The Court will leave Plaintiff's other changes as he made them, since Defendants did not challenge them. *See Jackson*, 310 F.R.D. at 185 (noting that certain changes in errata sheet "need[ed] no analysis since they [were] not challenged").

## II. PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE

Plaintiff also asks the Court to take judicial notice of the following three "facts" pertaining to issues stemming from his Motions to Compel:

---

[2] This includes the proposed changes to the following pages of Plaintiff's deposition transcript: page 59, lines 1–25; page 60, lines 2–7; page 61, lines 11–25, and page 62, lines 4–20. *See* Doc. [36] at 2–4.

1.     Plaintiff is without counsel and did not know he could call the defendant's counsel to resolve any issue with discovery.  Fed. R. Civ. P. 37(a)(1).

2.     Plaintiff is in possession of these documents and/or have [sic] the proper postage.

3.     Plaintiff[] just honestly forgot to add these documents due to the changes in the prison [daily] activities.

Doc. [44] at 1.  Federal Rule of Evidence 201(b) permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Taking judicial notice has the effect of depriving a party "of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence."  *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009). The Court therefore must exercise caution before applying Rule 201(b).  *Id.*

It is apparent that the "facts" provided by Plaintiff are not of the type of information that courts may properly take judicial notice.  The first and third items speak to Plaintiff's state of mind; they are not "generally known" within the Court's jurisdiction and, regardless of whether Plaintiff is telling the truth, he cannot be considered a "source whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b).  For purposes of Rule 201(b), the first and third suggestions are not "facts" at all.  The second statement—that Plaintiff is in possession "of these documents," ostensibly referring to the discovery responses he included with his Motion for Judicial Notice— may be a claim capable of factual resolution in the general sense, but it certainly does not fall into one of the two categories of factual claims covered by Rule 201(b).  And that is without even discussing whether the facts are "indisputab[le]," which is a "prerequisite" to judicial notice.  *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995)).  As the Court

cannot properly take judicial notice of these "facts," it denies Plaintiff's Motion Requesting the Court to Take Judicial Notice, Doc. [44], to the extent that Plaintiff asks the Court to take judicial notice of the information listed in the Motion.[3]

## III.   PLAINTIFF'S MOTIONS TO COMPEL

Finally, Plaintiff has filed numerous Motions asking the Court to order Defendants to produce various documents.  *See* Docs. [41], [46], [48], and [68].  Notwithstanding the numerous Motions, Plaintiff appears to seek production of the same documents in each Motion.  In fact, though filed as Motions, in each of the filings subsequent to Plaintiff's initial Motion to Compel, Doc. [41], Plaintiff generally seeks to provide support for the initial Motion rather than seeking production of new or different documents.[4]  Thus, the issues and briefing on all these Motions are coextensive, so the Court will address the Motions together.

Federal Rule of Civil Procedure (FRCP) 37(a) permits parties to move for an order compelling discovery.  The Rule requires that any motion requesting such relief "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a).  It also lays out four circumstances where a motion compelling discovery may be sought: first, where a deponent fails to answer a question asked under FRCP 30 or 31; second, where a corporation or other entity fails to make a designation under FRCP 30(b)(6) or 31(a)(4); third, where a party fails to answer an interrogatory under FRCP 33; or fourth, where "a party fails

[3] Plaintiff also asked the Court "to add the additional documents to Plaintiff's Motion for Order Compelling Discovery (Doc. 41)," which presumably refers to Defendants' responses to Plaintiff's discovery requests that Plaintiff attached to the Motion for Judicial Notice.  As Plaintiff was clearly attempting to supplement his Motion to Compel, the Court will consider the attached discovery responses in addressing Plaintiff's various Motions to Compel, discussed *infra*.

[4] Plaintiff's most recent discovery Motion, Doc. [68], raises issues related documents not previously addressed in addition to reiterating claims he made in the first three discovery Motions.  But, as discussed below, that Motion is simply an extension of Plaintiff's other discovery Motions; thus, the Court finds it appropriate to deal with the Motions all at once.

to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Evasive or incomplete answers or responses qualify as failures to answer or respond for purposes of a motion compelling discovery. Fed. R. Civ. P. 37(a)(4).

Eastern District of Missouri Local Rule 3.04(A) further emphasizes that Rule 37's requirement of attempt at a good-faith conference is not hollow, providing that the "Court will not consider any motion relating to discovery . . . unless it contains a statement" that the movant conferred or attempted to confer in good faith with opposing counsel. *See Johnson v. Doyle*, No. 4:07-cv-1843-AGF, 2008 WL 2397380, at *1 (E.D. Mo. June 9, 2008) (requiring plaintiff to provide court with evidence of compliance with L.R. 3.04(A) in denying his motion to compel). While the Court recognizes Plaintiff is proceeding pro se, pro se litigants must comply with procedural rules just the same as an attorney. *See Clemons v. Lombardi*, No. 4:13-cv-458-CDP, 2014 WL 409107, at *1 (E.D. Mo. Feb. 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834–35, 834 n.46 (1975)); *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural laws.").

In his initial Motion to Compel, Plaintiff requested that the Court compel Defendants to produce a wide variety of documents and video recordings. Doc. [41]. He did not attach a statement reflecting his compliance with FRCP 37(a)'s good-faith conference requirement, nor did he provide Defendants' allegedly deficient discovery responses and the reasons they are inadequate. He additionally conceded that at least one set of documents he seeks—"Any and all rules, regulations, and policies of Corizon, Co. about treatment of offenders with emergency chest pain protocol"—was already provided by Defendants. *See* Doc. [41] ¶¶ 2, 10. Plaintiff's failure

to comply with the procedural mandates of Rule 37(a) and Local Rule 3.04(A) makes a ruling in his favor inappropriate.  But even if he had filed evidence of a good-faith conference, the Court cannot determine whether Defendants failed to produce relevant evidence without seeing Plaintiff's requests and Defendants' objections and responses.  Additionally, in her discovery responses, Defendant Griffith told Plaintiff that the video footage and some of the requested documents do not exist and further that other requested documents are not in her control.

Plaintiff then attached to his Motion for Judicial Notice Defendants' responses to his requests for production of documents.  *See* Doc. [44].  He still, however, failed to provide with specificity what about those responses was inadequate, incomplete, or evasive.  Moreover, Plaintiff still failed to provide any evidence of a good-faith conference as required by Rule 37(a) and Local Rule 3.04(A), leaving his Motion to Compel procedurally lacking.  Plaintiff asserts, and the Court does not dispute, that he "did not know he could call the defendant's counsel to resolve any issue with discovery" and that "Plaintiff [] just honestly forgot to add these documents."  But those excuses are not sufficient to make up for his failure to comply with the Rules' requirements. Plaintiff must still follow the Federal and Local Rules, even though he is a pro se litigant.  *See Am. Inmate Paralegal Assoc.*, 859 F.2d at 61.  While Local Rule 3.04(A) requires that the conference be conducted "in person or by telephone," if Plaintiff is unable to do so, "he can write to [defense counsel] to attempt to resolve the disputes, and must do so prior to filing a motion to compel." *Johnson*, 2008 WL 2397380, at *1.

Plaintiff, further attempting to salvage his Motion to Compel, filed two additional Motions arguing that the Court should compel Defendants to produce the documents he sought.  *See* Docs. [46] and [48].  In the first, Doc. [46], Plaintiff did little more than state that he did not recall requesting certain information from Defendants in his discovery requests.  The Motion did not

remedy the issues with his initial Motion to Compel.  In the second, a "Motion to Supplement" the Motion to Compel, Plaintiff explained in more detail his issues with Defendants' responses to his discovery requests.  *See* Doc. [48] ¶¶ 1–10.  Those explanations, however, are not persuasive.  For example, Plaintiff takes issue with Defendant Griffith's response to his request for the emergency chest pain and toothache policies of the Missouri Department of Corrections (DOC) and Corizon, stating that Defendants' response was "evasive."  *See* Docs. [48] ¶¶ 3–4, [44] at 5.  But Defendant Griffith provided Plaintiff with DOC policies in response, and she specifically noted that she had no Corizon documents in her control.  Doc. [44] at 5.  Defendants Vossick and Skaggs likewise stated that such documents were outside their control, though they also referred Plaintiff to the policies produced by Griffith.  *Id.* at 9.  And Plaintiff acknowledged in his original Motion to Compel that Griffith produced the DOC policies.  Doc. [41] ¶ 10.  Plaintiff also seeks information that he claims does not exist, see Doc. [48] ¶ 5, and which all Defendants stated they do not have in their control, Doc. [44] at 6, 10.  Material that does not exist cannot be produced.  These examples are representative of the rest of Plaintiff's complaints regarding Defendants' responses; Plaintiff largely ignores the reasons Defendants provided for not producing something and instead focuses on the supposed utility of the documents he seeks.

Plaintiff did attempt to show compliance with the good-faith conference requirement of Rule 37(a), citing letters he sent to the Warden at Potosi Correctional Center, where he is incarcerated.  *See* Doc. [48] ¶ 13; *id.* at 8–9.  Plaintiff complained to the Warden that he was having issues reviewing his medical records at the Correctional Center.  *Id.* at 8–9.  The letters were not directed at Defendants and had nothing to do with Defendants' discovery responses.  *See id.*  Plaintiff attempted to send a copy of at least one of the letters to defense counsel, see *id.* at 8, but this does not qualify as an attempt at a good-faith conference because it did not reasonably make

9

defense counsel aware of any specific issue Plaintiff had with the discovery produced.  Therefore, Plaintiff's failure to meet the requirements of Rule 37(a) and Local Rule 3.04(A) endure.

Finally, in his most recent discovery Motion, Doc. [68], Plaintiff renewed his previous arguments, made claims related to documents he had not previously addressed, and additionally contended that Defendants "know or should have known that Plaintiff's medical records have been falsified."  *See* Doc. [68] at 1–5.  The same issues that have plagued Plaintiff's discovery motions from the beginning remain: he has not met the threshold requirement of a good-faith conference with opposing counsel, he has largely ignored Defendants' reasonable objections and responses to his discovery requests, and he failed to address Defendants' repeated assertions that the requested documents have already been produced, do not exist, or are not in their custody or control. Plaintiff's Motions to Compel, individually and in the aggregate, do not justify the Court's intervention.  The Court therefore denies all of Plaintiff's Motions to Compel, and any further motions to compel the materials at issue here will be summarily denied.

## CONCLUSION

In his errata sheet, Plaintiff seeks, without foundation, to substantially change his sworn testimony.  He also asks the Court to take judicial notice of information for which such an action is inappropriate.  Finally, Plaintiff has failed to meet the procedural requirements of Federal Rule of Civil Procedure 37(a) and has failed to show that Defendants' responses to his discovery requests are inadequate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Errata Sheet, Doc. [36], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting the Court to Take

Judicial Notice, Doc. [44], is **DENIED**.

      **IT IS FURTHER ORDERED** that all of Plaintiff's Motions to Compel and related filings,

Docs. [41], [46], [48], and [68], are **DENIED**.


Dated this 8th day of February, 2021.

 

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

11